**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| L. B., individually and on behalf of D.B., a minor,<br><br>             Plaintiff-Appellant,<br><br>    v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>             Defendants-Appellees. | No.    23-35538<br><br>D.C. No. 1:18-cv-00074-SPW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted June 3, 2024
Portland, Oregon

Before:  RAWLINSON, FORREST, and SUNG, Circuit Judges.

L.B. appeals the district court's summary judgment in favor of the United

States on the basis that Dana Bullcoming (Officer Bullcoming) was not acting in

the scope of his employment as a Bureau of Indian Affairs (BIA) police officer

when he coerced L.B. into committing sexual acts.  We have jurisdiction under 28

_____

          [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291.  Reviewing *de novo*, we reverse and remand.  *See Airlines for Am. v. City and County of San Francisco*, 78 F.4th 1146, 1151 (9th Cir. 2023).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. . . ."  *Id.* (citation omitted).  "On summary judgment, we review the evidence as a whole and the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  *Id.* at 1152 (citation, alteration, and internal quotation marks omitted).

**1.**  We previously certified the following question to the Montana Supreme Court:  "Under Montana Law, do law-enforcement officers act within the course and scope of their employment when they use their authority as on-duty officers to sexually assault members of the public?"  *L.B. v. United States*, 8 F.4th 868, 872 (9th Cir. 2021).  After reframing the question, the Montana Supreme Court ruled that a triable issue of fact exists as to whether Officer Bullcoming was acting in the scope of his employment under the facts as certified.  *See L.B. v. United States*, 515 P.3d 818, 821, 825 (Mont. 2022).

**2.**  Our remand did not preclude the district court from allowing further discovery.  *See L.B. v. United States*, 49 F.4th 1241, 1241 (9th Cir. 2022) ("[T]his case is reversed and remanded to the district court for further proceedings.").

2

However, Officer Bullcoming's deposition testimony discussing his subjective intent did not resolve the material dispute of fact regarding whether he was acting within the scope of his employment. *See L.B.*, 515 P.3d at 825 (commenting that even "if some of Officer Bullcoming's motive was self-interest, he was there to investigate the interests of his employer—acting as an officer and agent of the BIA investigating a crime—when he used his employer-conferred powers to sexually assault L.B.") (internal quotation marks omitted). In addition, Officer Bullcoming's conflicting statements in his plea colloquy (that he used his position of authority to coerce L.B. into committing sexual acts) and his deposition testimony (that he acted in his own self-interest) create a material dispute of fact as to his intent.

**3.** The Montana Supreme Court held that the act of sexual assault was not categorically outside the scope of Officer Bullcoming's employment, thereby foreclosing Special Agent in Charge Lenora Nioce's statements to the contrary. *See id.* at 824-25.

**4.** Accordingly, we conclude that the district court erred in granting summary judgment in favor of the United States. On this record, neither party was entitled to judgment as a matter of law due to the existence of a material dispute of fact regarding whether Officer Bullcoming was acting within the scope of his

3

authority when he coerced L.B. into committing sexual acts. *See Airlines for Am.*, 78 F.4th at 1151.

**5.** The district court judge in this case presided over Officer Bullcoming's criminal case, including accepting Officer Bullcoming's guilty plea, after engaging in a plea colloquy during which Officer Bullcoming admitted to coercing L.B. into committing sexual acts. The district court judge subsequently granted summary judgment in favor of the United States after crediting Officer Bullcoming's deposition testimony disavowing the statements made during his plea colloquy.

Because a bench trial is mandated for this case, the same judge would be tasked with reevaluating Officer Bullcoming's credibility in light of his deposition testimony, which recanted his plea colloquy statements admitting to sexual coercion. *See* 28 U.S.C. § 2402 ("[A]ny action against the United States under section 1346 shall be tried by the court without a jury . . ."). This circumstance would place the district court judge in the untenable position of ruling on her prior credibility determinations of two conflicting statements from Officer Bullcoming. Therefore, we deem it prudent to reassign this case to a different judge. *See United States v. Walker River Irrigation Dist.*, 890 F.3d 1161, 1173 (9th Cir. 2018) ("We reassign only in rare and extraordinary circumstances, such as when . . .

reassignment is advisable to maintain the appearance of justice.") (citation omitted).

**REVERSED and REMANDED FOR TRIAL BEFORE A DIFFERENT JUDGE.**